# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOREN SKOOR,<br><br>          Petitioner,<br><br>     vs.<br><br><br><br>JAMES E. TILTON, Secretary,<br><br>          Respondent. | CASE NO. 06cv1601 IEG (LSP)<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (2) DISMISSING PETITIONER'S 18 U.S.C. § 2254 PETITION WITH PREJUDICE AND (3) GRANTING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 1, 6, 17, 20, 21, 22] |

      Presently before the Court is Michael Loren Skoor's ("Petitioner") Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence of 29 years in state prison imposed as a result of a 2002 conviction, following a guilty plea, of 20 counts of lewd acts on a child and 4 counts of attempted lewd acts on a child. Petitioner claims he received ineffective assistance of counsel in the plea process and at sentencing. Respondent James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation, proceeding by and through the Attorney General of the State of California ("Respondent"), has moved to dismiss the Petition on the grounds that it is untimely. Petitioner has moved to strike Respondent's motion to dismiss on the basis that the motion is itself untimely.

      The matter was referred to United States Magistrate Judge Leo S. Papas, pursuant to 28 U.S.C.

§ 636(b)(1)(B). On June 13, 2007, Magistrate Judge Papas issued a Report and Recommendation ("Report"), concluding this Court should deny Petitioner's motion to strike, deny Respondent's motion to dismiss, and dismiss the Petition on the merits. On July 13, 2007, Petitioner filed objections to the Report. The Court has considered the Report and Petitioner's objections. This Court (1) adopts Magistrate Judge Papas's Report and (2) dismisses petitioner's § 2254 petition with prejudice.

## BACKGROUND

**A.     State Procedural Background**

In August 2002, the San Diego District Attorney by an amended information charged Petitioner with 42 counts of criminal acts relating to the sexual abuse of two minor brothers. Petitioner was charged with 30 felony counts of lewd acts upon a child in violation of California Penal Code section 288(a), 5 felony counts of sending harmful matter with the intent to seduce a minor in violation of California Penal Code section 288.2(a), 5 felony counts of residential burglary in violation of California Penal Code section 459, and 2 misdemeanor counts of indecent exposure. (Lodgment No. 13, Clerk's Tr. at 63-81.) At the time of the acts, Petitioner was a senior pastor at Calvary Lutheran Church in Solana Beach in San Diego County. The two victims were the sons of a parishioner. (Lodgment 4, at 2.)

Pursuant to a plea agreement, Petitioner pleaded guilty on August 12, 2002, to 20 counts of lewd acts with a child under Cal. Penal Code, § 288(a) and 4 counts of attempted lewd acts with a child under Cal. Penal Code 288(a) and 664. (Id. at 82.) He further admitted that substantial sexual conduct had been committed as to all counts except count 2. In return for his plea, the balance of the amended information was dismissed and the parties stipulated to a sentencing range of not less than 20 years in state prison, nor more than 30 years. On October 1, 2002, Petitioner was sentenced to 29 years in state prison.

Petitioner appealed his sentence to the California Court of Appeals, claiming the trial judge abused his discretion in choosing a sentence at the upper end of the stipulated sentencing range. (Lodgment No. 1.) The trial court's judgment was affirmed in all respects. (Lodgment No. 4.) Petitioner then filed a petition for review in the state supreme court presenting the same claim. (Lodgment No. 5.) That petition was denied without a statement of reasoning. (Lodgment No. 6,

People v. Skoor, No. S123396 (Cal. Apr. 21, 2004).)  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  His conviction became final for purposes of the one-year habeas statute of limitations on July 20, 2004, the last day he could have filed a petition for certiorari.

Petitioner waited nearly one year before next challenging his sentence, filing a habeas petition in the state superior court on July 13, 2005.  (Lodgment No. 9.)  He sought habeas relief in that court presenting a claim based on ineffective assistance of counsel.  (Id. at 14-20.)  Petitioner's state petition was denied on the merits in a written order filed on September 7, 2005.  (Lodgment No. 10.)  Petitioner appealed over six months later, on or about March 17, 2006.  (Lodgment No. 7 at 17-27.)  The Court of Appeal denied the petition on the merits in a written opinion filed June 14, 2006.  (Lodgment No. 8.)  Petitioner next filed a petition for review in the state Supreme Court on June 26, 2006 which was denied by an order that stated in full: "Petition for review DENIED. George, C.J., was absent and did not participate."  (Lodgment No. 12, In re Skoor No. S144680 (Cal. Aug. 2, 2006.))

**B.    Federal Procedural Background**

On August 10, 2006, Petitioner, proceeding by and through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  As he did in state court, Petitioner claims he received ineffective assistance of counsel in the plea and process and at sentencing.  The Court granted four requests filed by Respondent for extension of time to respond, the last of which set a deadline for an Answer to be filed on or before March 12, 2007.  Rather than file an Answer, Respondent filed a Motion to Dismiss on March 12, 2007, contending the Petitioner's Petition was filed one day after the expiration of the one-year statute of limitations.  (Doc. No. 13.)  Petitioner filed an Opposition to the Motion to Dismiss arguing he timely filed the Petition.  (Doc. No. 14.)  Petitioner also filed a Motion to Strike the Motion to Dimiss as untimely, contending that the Court granted the fourth extension of time to file an Answer only, not a Motion to Dismiss, thereby implicitly denying Respondent's request for an extension of time to file a Motion to Dismiss.  (Doc. No. 15.)

On April 9, 2007, the Court ordered Respondent to file an Answer on the merits of the claims presented in the Petition.  (Doc. No. 16.)  Respondent filed an Answer on April 19, 2007, contending

that the Petition was filed one day after the expiration of the statute of limitations, and that Petitioner is not entitled to habeas relief on the merits of the claims. (Doc. No. 17.) Following an extension of time, Petitioner filed a Traverse. (Doc. No. 20.)

On June 13, 2007, Magistrate Judge Leo S. Papas issued a 25 page R&R recommending the Court deny Petitioner's Motion to Strike, deny Respondent's Motion to Dismiss, and deny the Petition on the merits. On July 13, 2007, Petitioner filed objections contesting only the third part of the Report, the conclusion that the Petition be denied on the merits. The Court reviews this finding de novo. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

**LEGAL STANDARD**

The Court may grant petitioner's section 2254 petition only if the Court determines that the California Court of Appeal[1] decided petitioner's petition in a manner that was either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . . Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted).

**DISCUSSION**

**A.    Ineffective Assistance of Counsel**

Petitioner argues he received ineffective assistance of counsel in two respects. First he contends that, prior to entering into the plea agreement, his counsel's performance was deficient in connection to a pretrial defense motion to compel the production of records he contends would have

---

[1]Because the California Supreme Court rejected petitioner's petition for review without any analysis, the Court looks through it to the last reasoned state court decision, the decision by the Court of Appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

1  shown discrimination by the prosecution against Petitioner on the basis of his status as a
2  religious leader. (Doc. No. 6, Mem. ISO Pet. at 8.)  Second, he contends counsel's deficient
3  performance in failing to independently secure the public information sought in the discovery motion
4  prevented him from presenting that information as mitigating evidence at the sentencing hearing. (Id.)

6  Respondent contends that the appellate court's denial of these claims, on the basis that
7  Petitioner had failed to establish deficient performance or prejudice, was neither contrary to, nor
8  involved an unreasonable application of, clearly established federal law, and was not based on an
9  unreasonable determination of the facts in light of the state court proceedings. (Resp. Opp'n at 15-21.)

10  I.  Ineffective Assistance During Discovery Motion
11  On the first claim, the discovery motion which gives rise to the Petitioner's claim has the
12  following record. Trial counsel filed a motion to compel discovery, which stated in relevant part:

> It is the defense position that the Defendant, MICHAEL SKOOR, is not being given an opportunity to plea bargain his case as other defendants who have faced charges similar to his. Deputy District Attorney Jill Schall has stated to Counsel for the Defendant that her office will settle provided Mr. Skoor agrees to a sentence in the "high double digits." Counsel for the Defendant believes that such an offer is far out of the norm for cases such as these, and seeks discovery to show that the District Attorney's Office is treating Mr. Skoor differently, probably due to his long history as a religious icon in his community.
>
> On April 26 2002, an informal request for discovery was hand-delivered to Ms. Schall's office at 330 West Broadway, San Diego. This letter is attached hereto and incorporated herein by reference as Exhibit C. This letter requested the following:
>
> > The case information for all cases similar to the defendant's that your office has prosecuted in the past 5 years. Specifically, my request is for the court case numbers, DA case numbers, charging documents, plea agreements, and sentencing information for PC288(a) cases that are similar in nature to Mr. Skoor's.
>
> Ms. Schall contends the information sought does not fall under Penal Code section 1054 et. seq.
>
> . . . Counsel for the Defendant believes that the District Attorney's Office is seeking an extraordinary sentence because the Defendant was a Pastor and religious figurehead at the time these crimes are alleged to have occurred.
>
> Counsel for the Defendant also believes that an extraordinary sentence is being sought because of the present amount of media attention that is being given to church figures accused of child molest. Counsel for the Defendant contends that, just because Mr. Skoor has spent a lifetime of helping people, he should not be punished more severely than others who have committed these same types of acts. Counsel for the Defendant has discovered several cases so far that appear to have been handled

- 5 -                                                                                            05cv1935

   far differently than Mr. Skoor's. Attached hereto and incorporated herein by reference as Exhibit D are newspaper articles of child molest cases that resolved in sentences far less than what could have been achieved in those cases.

(Lodgment No. 13, Clerk's Tr. at 35-36.)

The District Attorney opposed the motion on the basis that neither state nor federal law gave rise to an obligation to turn over the information requested. (Id. at 59-60.) Petitioner replied that neither state nor federal law precluded such discovery. (Id. at 62.)

A transcript of the discovery hearing is included in the record. (Lodgment No. 7, Ex. K.) After hearing arguments and making preliminary remarks regarding the extent of discovery requirements under California law, including referencing cases which provide for discovery where there are allegations of vindictive or discriminatory prosecution, the trial judge stated:

> So for discovery, which is what the Murgia [v. Municipal Court, 15 Cal.3d 286, (1986)] case refers to, that is discovery to determine whether this is discriminatory prosecution, there is a fairly significant showing required on the part of the defense. And there are a couple of cases that discuss the nature of discriminatory enforcement in discovery.
>
> And one important case is a United States Supreme Court decision of United States v. Armstrong, 517 U.S. 456 [1996]. In that case, the defendants move for discovery on their claim that federal crack cocaine laws were being selectively enforced against Blacks. In support of the motion, they presented an affidavit to the effect that in all 24 crack cocaine cases closed by the federal public defender's office in 1991, the defendant was Black.
>
> The district attorney granted the motion – The district court granted the motion and the court of appeals affirmed the holding that the defendant need not show that the government has failed to prosecute others similarly situated. That was the district court.
>
> The United States Supreme Court reversed that holding and held that further selective-prosecution claims must demonstrate that the prosecutorial policies have a discriminatory effect and was motivated by discriminatory purpose.
>
> In the case involving race, the claimant must show that similarly situated individuals of a different race were not prosecuted. Obviously, race was the issue. When discovery is sought, the court went on to say, in future selective-prosecution claims, the defendant has the burden of producing evidence of the essential elements of the defense; that is, that the discriminatory effect and discriminatory opinion are present. And where the claim is one of race because discrimination evidence must be present that similarly situated defendants of other races could have been prosecuted, but were not.
>
> And then the court went on to say the respondent did not make the required showing. The court of appeals started with the presumption that persons of all races commit all kinds of crimes. But the court held that presumption is contradicted by statistics that show over 90 percent of those trafficking crack cocaine, 94 were Black. Well, over 90 percent of those convicted of offenses involving LSD, pornography,

or prostitution were White.

So I think you get the idea without me going on forever that I have done my best to try and classify this issue in a way that is fair to both sides. And, obviously, there is authority and statutory and case law authority for discovery regarding issues unrelated to guilt or innocence. I mean that is clear. And it's made specific intent that the – as I said because it refers to the Constitution of the United States.

The question is the burden that is required. Well, as I say, in this case, we have no racial issue. The claim is that people similarly situated have been offered better deals. That by itself finds no support as discriminatory enforcement in any case.

* * *

There are cases in which the court upheld harsher treatment of police officers who committed the same crimes as non-police officers, civilians. There was one case – I don't know if I have it in front of me here – that I read in which non-law enforcement officers committing the same offense were provided with misdemeanor offers and the law enforcement officers on the same offense were offered felonies. And the court held that because of their position in the community, law enforcement should be held to a higher standard. They're in a position of trust. When they commit crimes, they're betraying a far greater trust than normal civilian member of the community, because they're under a greater obligation because of their occupation.

And so those are all within the discretionary reconsideration the court has allowed on the part of the prosecution.

So at this point I can't really say there has been a sufficient showing of any constitutional violation that would justify providing the discovery requested at this time.

However, I have to stress once again that some of these courts have talked about – well, obviously, this ruling today is without prejudice to the defense to raise the issue in the future if additional facts become known that the defense feels would support an inquiry into other cases. Something beyond just the fact of the case being applied differently in the plea bargain than the facts relating to this defendant by itself. I don't think that is enough, even assuming everyone else was treated differently.

I suppose if one were to find that all pastors in similar situations were treated differently and there was some indication of prosecutorial attitude toward a certain religion or certain occupation, that would be different. But none of that is in the record before me at this time.

So I took a lot longer than I normally do in discovery motions, because I wanted to cite those cases for the benefit of counsel to follow up on, and I'm going to deny the motion without prejudice at this time, to renew it as such time as the defense feels there is a sufficient showing for the discovery.

(Id. at 101-114)

Petitioner contends that his trial counsel's performance in bringing the pretrial motion to compel discovery , and in failing to renew the motion at the invitation of the trial judge, was deficient because counsel: (1) failed to cite <u>Armstrong</u> in his motion papers; (2) failed to plead how the

petitioner was the object of discrimination by failing to identify the basis for discrimination or the class of similarly situated but more favorably treated persons as required under <u>Armstrong</u> and subsequent California decisions; (3) failed to independently discover the seven cases cited in present Petition and in the state habeas proceedings, all of which were filed in the same court as Petitioner's case about the same time regarding similarly situated defendants charged with similar crimes who were treated more favorably; (4) failed to adequately argue that the two cases which defense counsel did bring to the trial court's attention in the discovery motion papers involved non-religious figures, and therefore demonstrated that Petitioner, as a religious figure, was being treated more harshly than similarly situated non-religious figures; and (5) prevented Petitioner, as a result of these aforementioned failures, from presenting mitigating evidence at sentencing which would have supported a claim that the prosecution's request for a sentence at the upper end of the stipulated range was motivated by Petitioner's status as a religious leader. (Pet. Mem. at 10-17.)

The appellate court, considering the same arguments, denied the ineffective assistance of counsel claims:

> Skoor was a Lutheran minister and his victims were the two sons of a parishioner. Skoor claims he was the subject of prosecutorial discrimination because of his religious position. He contends the prosecution offered better plea bargains to other defendants "in a position of trust" who were charged with committing similar crimes against multiple victims. Skoor claims trial counsel was ineffective because he did not "(1) identify the basis for a claim for prosecutorial discrimination in a pre-trial motion to compel further discovery on the prosecution's charging criteria, and (2) present evidence of public record that showed the prosecution sought a disproportionately harsher sentence because of (Skoor's) religious status as a Lutheran minister." Skoor wants his sentence vacated and the matter remanded to the trial court for reconsideration of the sentence "in light of the markedly lower sentences imposed for similar offenses committed by similarly situated defendants who had no religious status."
>
> The evidence Skoor provides does not support his claim of prosecutorial discrimination. In the seven cases he references, the defendants were charged with 6, 6, 21, 25, 18, and 7 counts, respectively. Skoor was charged with 42 counts. Defendant Salvador Valdez did not plea bargain and was convicted by a jury. There is no evidence on the other defendants' employment or the problems of proof in each case. Skoor has not shown that even had trial counsel obtained the information on the other seven defendants, the People would have offered, and the court would have approved, a lesser prison sentence.

(Lodgment No. 8, In re Skoor, No. D048229, slip op. at 1-2.)

Petitioner argues that the appellate court's finding that the other cases cited by Petitioner failed to show persons similarly situated because those cases had either fewer victims or fewer charges was

1  clearly erroneous because in two cases cited by petitioner there were three victims in contrast to the
2  two named against Petitioner. Petitioner contends that these cases were sufficient to make a prima
3  facie case of prosecutorial discrimination.

4  Petitioner further argues that the court's finding that the Petitioner failed to make a sufficient
5  showing of discriminatory prosecution was an unreasonable application of clearly established federal
6  law as interpreted by the Supreme Court in United States v. Armstrong, 517 U.S. 456 (1996). As
7  recounted by the trial court, Armstrong involved several defendants who had been indicted on charges
8  of conspiring to possess with intent to distribute more than 50 grams of cocaine base, conspiracy to
9  distribute, and federal firearms offenses. In response to the indictment, defendants filed a motion for
10 discovery or for dismissal, alleging they were selected for federal prosecution because they were black
11 and seeking a list of cases from the Government identifying the race of defendants in cocaine and
12 firearms prosecutions for the past 3 years. Defendants supported their motion through the affidavit
13 of an employee at the Federal Public Defender who alleged that in every one of the drug cases closed
14 by the office during 1991, the defendant was black. The District Court granted the motion and the
15 Ninth Circuit affirmed. The Supreme Court reversed. In its opinion, the Court explained that in order
16 for a defendant to win pretrial discovery from the prosecution in such a circumstance, he must produce
17 some evidence that similarly situated defendants of other races could have been prosecuted, but were
18 not. Id. at 469. Petitioner contends that he has made a comparable showing with regard to religion
19 in this case. He argues that a review of the records of the Central Division of the San Diego County
20 Superior court for the year 2002 concerning violations of California Penal Code section 288(a)
21 involving charges of abuse of multiple victims by a defendant in a position of trust reveals seven cases
22 which, when compared to his case, demonstrate that the pretrial offer made to Petitioner was
23 disproportionately more severe than those offered to the non-religiously affiliated defendants in those
24 cases.

25 Finally, Petitioner asserts the Court of Appeal's conclusion that the Petitioner's requested relief
26 would deprive the prosecution of the benefit of its bargained for sentence was clearly erroneous
27 because he did not seek to undo the terms of his plea agreement, but rather to show that within those
28 agreed terms, his trial counsel failed to conduct the necessary investigation that would have revealed

mitigating evidence. The failure to correctly construe this claim, Petitioner argues, is an unreasonable application of the law to the facts.

### 1. Magistrate Judge's Report

The magistrate judge identified the two-prong standard for evaluating a claim for ineffective assistance of counsel. First, counsel's performance must "f[a]ll below an objective standard of reasonableness," and, second, the deficient performance must prejudice the defendant to a degree that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The magistrate judge recognized petitioner carries the burden of overcoming the presumption that counsel was competent. United States v. Cronic, 466 U.S. 648, 658 (1984); Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).

With regard to Petitioner's specific contentions regarding the inadequacy of counsel's performance, the magistrate found as follows:

#### (a) Counsel's failure to cite Armstrong in the motion papers

The magistrate judge found that Petitioner had not been prejudiced by defense counsel's failure to cite Armstrong in the motion papers because the trial judge conducted independent research regarding the basis for the discovery motion, and not only considered but heavily relied on Armstrong.

#### (b) Counsel's alleged failure to plead how Petitioner was the object of discrimination or to adequately argue the cases which defense counsel brought to the trial court's attention which involved non-religious figures

The magistrate judge found that the Petitioner was not prejudiced by defense counsel's failure to explicitly identify the basis for discrimination (Petitioner's status as a religious leader) or the class of similarly situated but more favorably treated persons in his pretrial discovery motion (people not identified to be religious leaders). Nor did counsel inadequately argue the cases cited in his pretrial motion. The magistrate judge found that the entire basis of the written discovery motion was the allegation that Petitioner was being treated more harshly because he was a religious figure, and that therefore defense counsel was not deficient for failing to point out the obvious: that the occupations of the defendants in the cases identified in the discovery motion and at oral argument were non-

religion related and the cases therefore demonstrated a religious bias in Petitioner's case. The magistrate judge cited the trial court's response to trial counsel's pretrial discovery motion and related argument, which included a very thorough examination of the discovery issues and a ruling which concluded that the Petitioner had not presented evidence showing that the prosecution was treating persons in positions of trust differently based on their occupation or religion.

### (c) Counsel's failure to independently discover the seven cases cited in present Petition and in the state habeas proceedings

Finally, the magistrate judge rejected Petitioner's contention that the California Court of Appeal was wrong to determine that the seven cases cited by him here and in the state habeas proceedings did not allege specific facts that would justify granting the discovery motion, and that the state courts were wrong to hold that these cases do not support a claim of discrimination under Armstrong. The magistrate judge reasoned that only four of the cases cited by Petitioner involved a defendant who was clearly in a position of trust and that, of those cases, none involved the number of counts involved in Petitioner's case.

### 2.     Objections

Petitioner objets to the magistrate judge's failure to discuss or refer to the facts presented in the seven other cases from 2002 filed in the Central Division of the Superior Court of San Diego involving defendants charged with violation of California Penal Code § 288(a) which Petitioner presented to the California Court of Appeal.

Petitioner also argues that the magistrate judge's report is flawed to the extent it concludes trial counsel adequately presented the claim of prosecutorial discrimination. Petitioner argues that while trial counsel's motion for pretrial discovery did make mention that Petitioner "was a Pastor and religious figurehead at the time these crimes were alleged to have occurred" and that the petitioner "also believes that an extraordinary sentence is being sought," trial counsel did not state that this was a violation of equal protection on the basis of the impermissible category of religion. This error in failing to cite and discuss the applicable legal basis for discovery was not harmless because it led the trial court to articulate an improper standard, stating that in order for Petitioner to succeed, he needed to show "that all pastors in similar situations were treated different and that there was some indication of prosecutorial attitude toward a certain religion or certain occupation, that wold be different."

(Lodgment No. 7, Ex. K. at 114) Petitioner notes that under Batson v. Kentucky, 476 U.S. 79 (1986), an equal protection claim based upon discriminatory action by the prosecution need only show the individual defendant was denied equal protection in her or his case, not the class to which he or she belonged.

Finally, Petitioner claims the magistrate judge's report errs to the extent it finds the California Court of Appeal was not objectively unreasonable in concluding that Petitioner had not made a prima facie showing on the basis that the other cases he cited did not involve similar situated defendants. Petitioner argues that neither the magistrate judge's report nor the California Court of Appeal discuss why being a relative or live-in boyfriend is a position of trust different than the religious capacity the Petitioner held as the Pastor of the two victims.

### 3. Analysis

Petitioner's objections merely repeat his two main contentions: (1) trial counsel's failure to identify and cite the seven cases he presents in his habeas petition to the trial court, coupled with his failure to adequately frame the issue of discrimination on the basis of religion, constitute ineffective assistance and (2) the seven cases cited to the California Court of Appeal establish a prima facie case of prosecutorial discrimination and the court was objectively unreasonable in finding otherwise.

To the extent Petitioner's contentions rely upon the seven cases cited in his habeas petition, Petitioner's argument is unpersuasive because the cases cited by the Petitioner do not involve similarly situated defendants. Accordingly, Petitioner cannot meet the showing required under the Supreme Court's decision under Armstrong. None of the cases cited by the Petitioner involve a position of community trust, such as that of a teacher or coach. It was not objectively unreasonable for the Court of Appeal to conclude such cases did not involve similarly situated defendants within the meaning of Armstrong. A teacher, coach, or minister, unlike a step-parent or live-in boyfriend, has been entrusted with the care, supervision, and/or development of many children in a community. However, even accepting Petitioner's contention that being a relative or live-in boyfriend is a position of trust similar to that of a Pastor, as the Court of Appeal and magistrate judge noted, Petitioner's case is also dissimilar to the extent it presents a far greater number of counts than the cases he puts forward. Specifically, Petitioner's case involved 42 total charged counts: 30 felony counts of child molestation,

5 felony counts of sending harmful matter with the intent to seduce a minor, 5 felony counts of residential burglary arising from entry into the victim's home with the intent to molest them, and 2 misdemeanor counts of indecent exposure. The cases cited by Petitioner, in contrast, involved defendants charged with between 2 and 25 counts. The Court of Appeal was not objectively unreasonable in concluding that this disparity meant that the cases cited by Petitioner could not form the basis of a claim that Petitioner was treated more harshly because of his religion. Similarly, the Court concludes defense counsel's failure to discover and present these cases to the trial court during the pretrial discovery motion did not prejudice Petitioner within the meaning of Strickland. The magistrate judge was correct to dispose of Petitioner's claim on the prejudice prong. It is well established that a court need not determine whether counsel's performance was deficient if the ineffectiveness claim can be disposed of on the ground of lack of sufficient prejudice. Strickland, 466 U.S. at 697.

Finally, Petitioner's claim that trial counsel did not adequately argue and frame the prosecutorial discrimination issue at trial is simply belied by the record. Trial counsel's motion explained that counsel "[sought] discovery to show that the District Attorney's Office is treating [Petitioner] differently, probably due to his long history as a religious icon in his community," (Lodgment No. 13, Clerk's Tr. at 35-36.), and that "Defendant believes that the District Attorney's Office is seeking an extraordinary sentence because the Defendant was a Pastor and religious figurehead at the time these crimes are alleged to have occurred." (Id.) As a result, the trial judge at the motion hearing was receptive to consideration of cases which showed a bias towards religious figures or between occupations of any kind, indicating trial counsel had adequately framed the issue. (Lodgment No. 7, Ex. K, 113-114.) Such performance on the part of counsel does not fall below the objective standard of reasonableness.

      ii.      Ineffective Assistance During Punishment Phase

Petitioner also argues that his counsel's performance during the punishment phase of his trial was ineffective. Specifically, he contends that because of counsel's failures described above, he was prevented from presenting mitigating evidence at sentencing, which would have supported a claim that the prosecution's request for a sentence at the upper end of the stipulated range was motivated by

Petitioner's status as a religious leader. (Pet. Mem. at 10-17.)

Addressing Petitioner's claim of ineffective assistance during the punishment phase of his trial, the Court of Appeal stated:

> On the change of plea form Skoor acknowledged the maximum punishment he could receive as a result of his plea was 50 years in prison. Under the plea agreement Skoor was promised a sentence between 20 and 30 years and 18 counts would be dismissed. Skoor received the benefit of his bargain. Because the prison term was specifically negotiated by the parties, a reduction in the term would deprive the prosecution of one of the benefits for which it had bargained. (People v. Enlow (1998) 64 Cal.App.4th 850, 854.) Skoor's remedy was to move to withdraw his guilty plea. (Ibid.) [¶] The petition is denied.

(Lodgment No. 8, In re Skoor, No. D048229, slip op. at 1-2.)

Petitioner argues that the appellate court failed to properly construe this aspect of his claim incorrectly finding that he was seeking to undo the terms of the plea bargain by depriving the prosecution of a benefit of their bargain, which amounted to an unreasonable application of the law to the facts within the meaning of 28 U.S.C. § 2254(d)(2).

### 1. Magistrate Judge's Report

The magistrate judge concluded that even if the appellate court had misinterpreted Petitioner's claim as one seeking to undo the plea bargain, Petitioner had demonstrated neither deficient performance nor prejudice as a result of counsel's performance at the sentencing hearing. The magistrate judge concluded that because the allegedly similar cases identified by Petitioner were not similar to Petitioner's case in a meaningful way, and thus not mitigating with respect to his sentence, trial counsel's failure to present this evidence at sentencing did not prejudice Petitioner.

### 2. Objections

Petitioner notes that the magistrate judge's report errs in its statement that the judge who denied Petitioner's motion for pretrial discovery was the same judge who sentenced. The Honorable Howard H. Shore heard Petitioner's motion to compel discovery, while it was the Honorable Kenneth K. So who accepted the petitioner's guilty plea and sentenced him. Thus, Petitioner objects to the report's conclusion that no prejudice resulted form defense counsel's failure to present evidence of similarly situated defendants at sentencing because the sentencing judge had already heard the discovery motion and was therefore aware of the claim of disparate treatment. Petitioner insists that had the evidence of similarly situated defendants been raised at his sentencing, there is a reasonable

1  probability that his prison term would be lower.

2     3.  Analysis

  The Court of Appeal apparently misconstrued Petitioner's request for relief based on ineffective assistance of counsel during the penalty phase of his trial. When confronted with a state court decision that does not provide the basis of its decision, a court must determine whether, in light of an independent review of the record and the relevant federal law, the state court's resolution of a petitioner's claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

  The Ninth Circuit has recently observed that "since Strickland, the Supreme Court has not delineated a standard which should apply ineffective assistance of counsel claims in noncapital sentencing cases. Therefore, . . . there is no clearly established federal law as determined by the Supreme Court in this context." Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006). Because there is no clearly established Supreme Court precedent that applies to in context, there is no habeas relief available on this ground.

  However, even assuming this Court employs Strickland as the clearly established federal law applicable to ineffective assistance of counsel at sentencing, Petitioner's claim would nonetheless fail. Petitioner has not demonstrated that his counsel's performance prejudiced him within the meaning of Strickland. As discussed above, the cases cited in Petitioner's Petition are not analogous to his own and thus do not make out a prima facie case of prosecutorial discrimination and therefore would not have been mitigating with respect to his sentence. The magistrate judge's error in attributing both the ruling on the pretrial discovery motion and sentencing to the same judge does not change this central fact.

**B. Certificate of Appealability**

  A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C.

1 § 2253(c)(1)(A) (2007).[2] The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" Beaty v. Stewart, 303 F.3d 975, 984 (9th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Based on the pleadings, the Court finds petitioner has made a "substantial showing" and grants a certificate of appealability with respect to his claim for ineffective assistance related to counsel's failure to discover and cite the seven cases discussed by Petitioner which he alleges show discriminatory prosecution. See id. at 983-84 (holding that "petitioner must make a substantial showing . . . as to each issue he wishes to appeal").

## CONCLUSION

This Court having reviewed de novo Magistrate Judge Papas's report and recommendation, finds it to be well-reasoned. The California Court of Appeal's decision was not contrary to, or an unreasonable application of, federal law. The Court therefore **ADOPTS** the magistrate judge's Report and Recommendation, **REJECTS** petitioner's objections, and **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court sua sponte **GRANTS** a certificate of appealability as to the ineffective assistance claim related to counsel's failure to discovery and cite the seven cases discussed by Petitioner.

**IT IS SO ORDERED.**

**DATED: January 16, 2008**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] Prior to AEDPA's effective date, a state prisoner could appeal a final order in a habeas proceeding to the court of appeals only with "a certificate of probable cause." 28 U.S.C. § 2253 (1996). Nonetheless, "post-AEDPA law governs the right to appeal" where the appeal is initiated post-AEDPA. Slack v. McDaniel, 529 U.S. 473, 481 (2000); accord Mayfield v. Woodford, 270 F.3d 915, 921 (9th Cir. 2001).